IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY HERBIG & GARY WILLIAMS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE HUNTINGTON NATIONAL BANK, ) <br> ) <br> Defendant. ) | Case No. 1:23-cv-2014 |

## COMPLAINT

NOW COMES the Plaintiffs, MARY HERBIG and GARY WILLIAMS, by and through their attorneys, SMITHMARCO, P.C., and Philipps & Philipps, Ltd., and for their complaint against the Defendant, THE HUNTINGTON NATIONAL BANK, Plaintiffs state as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MARY HERBIG and GARY WILLIAMS, (hereinafter, "Plaintiffs") are individuals who were at all relevant times residing in the City of Oak Lawn, County of Cook, State of Illinois.

5. At all relevant times, Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiffs were joint holders of an asset account in their names with Defendant (hereinafter, "Plaintiffs' Huntington Bank Account").

7. At all relevant times, Plaintiffs' Huntington Bank Account was established to hold funds used primarily for Plaintiffs' personal use and/or household expenditures.

8. At all relevant times, Plaintiffs' Huntington Bank Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. THE HUNTINGTON NATIONAL BANK, (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant is a nationwide bank headquartered in Ohio with over one hundred locations throughout the State of Illinois.

10. At all relevant times, Defendant was a bank that held Plaintiffs' Huntington Bank Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, received funds from Plaintiffs' Huntington Bank Account, which were transferred to unknown third parties via an electronic terminal, telephonic instruction or computer or magnetic tape after unknown third parties instructed Defendant to transfer funds to unknown third parties from Plaintiffs' Huntington Bank Account.

IV. <u>ALLEGATIONS</u>

14. Beginning on or about December 19, 2022, an unknown person or persons obtained information, a code, or a card which allowed said unknown persons to perform multiple automated

teller transactions against Plaintiffs' Huntington Bank Account.

15. Plaintiffs did not provide the information, card, or code to any other person.

16. Plaintiffs did not authorize any other person to use Plaintiffs' card, code or other means of access to their account.

17. Between December 19, 2022 and February 9, 2023, an unknown person or persons performed multiple electronic transactions and debited a total of $20,081.18 from Plaintiffs' Hunting Bank account.

18. Prior to December 19, 2022 and until February 9, 2023, Plaintiffs were not aware of the circumstances relating to the debit of funds from Plaintiffs' Huntington Bank Account by these unknown third parties.

19. Plaintiffs did not provide unknown third parties with consent to debit funds from Plaintiffs' Huntington Bank Account between December 19, 2022 and February 9, 2023.

20. Plaintiffs did not provide Defendant with consent for unknown third parties to debit funds from Plaintiffs' Huntington Bank Account from December 19, 2022 to February 09, 2023.

21. On or about December 31, 2022, Defendant provided to Plaintiffs a monthly statement relative to Plaintiffs' Huntington Bank Account reflecting transactions performed on Plaintiffs' Huntington Bank Account from December 1 through December 31, 2022.

22. On or about January 31, 2023, Defendant provided to Plaintiffs a monthly statement relative to Plaintiffs' Huntington Bank Account reflecting transactions performed on Plaintiffs' Huntington Bank Account from January 1 through January 31, 2023.

23. On or about February 28, 2023, Defendant provided to Plaintiffs a monthly statement relative to Plaintiffs' Huntington Bank Account reflecting transactions performed on Plaintiffs' Huntington Bank Account from February 1 through February 28, 2023.

24. The statements Defendant provided to Plaintiffs, on December 31, 2022, January 31, 2023, and February 28, 2023 contained information regarding the electronic transfer of funds from Plaintiffs' Huntington Bank Account to unknown third parties from December 19, 2022 to February 9, 2023.

25. On February 10, 2023, within sixty (60) days of the transmission of the first bank statement reflecting the unauthorized transactions, Plaintiffs provided Defendant with notice that they disputed the debit of funds by unknown third parties relative to Plaintiffs' Huntington Bank Account from December 19, 2022 to February 10, 2023.

26. On February 10, 2023, Plaintiffs went into Defendant's branch bank inside the Jewell Osco, located at 8801 S. Ridgeland Avenue in Oak Lawn, Illinois, to provide an in-person dispute over each transaction that was challenged.

27. On February 10, 2023, Plaintiffs provided Defendant with information to allow Defendant to identify Plaintiffs' Huntington Bank Account, such as:

    a. Plaintiffs' Huntington Bank Account number;

    b. Plaintiffs' personal identifying information;

    c. The name under which Plaintiffs' Huntington Bank Account was registered;

    d. The date of each transaction which Plaintiffs disputed relative to Plaintiffs' Huntington Bank Account;

    e. The amount of each transaction which Plaintiffs disputed relative to Plaintiffs' Huntington Bank Account; and,

    f. The transaction reference number relative to the transaction Plaintiffs disputed with respect to Plaintiffs' Huntington Bank Account.

28. On February 10, 2023, Plaintiffs provided Defendant with in-person notice that the debit of funds by unknown third parties relative to Plaintiffs' Huntington Bank Account from December 19, 2022, to February 9, 2023 were unauthorized electronic transfers of funds from

Plaintiffs' Huntington Bank Account to unknown third parties.

29. On February 10, 2023, Plaintiffs informed Defendant that they did not provide unknown third parties with consent to debit funds from Plaintiffs' Huntington Bank Account on December 19, 2022, to February 9, 2023.

30. On February 10, 2023, Plaintiffs provided Defendant with notice of the circumstances as to why the debit of funds by unknown third parties on December 19, 2022 to February 09, 2023, was carried out in error, such as:

    a. Plaintiffs never authorized the debit of funds from Plaintiffs' Huntington Bank Account;

    b. Plaintiffs never provided unknown third parties with permission, consent or authority to debit funds from Plaintiffs' Huntington Bank Account;

    c. Plaintiffs never provided their ATM cards or personal identification numbers to any person;

    d. The transaction types were wholly inconsistent with previous account activity on the account;

    e. The location of the transactions were wholly inconsistent with the previous activity on the account;

    f. The frequency of the types of transactions where wholly inconsistent with the previous activity on the account.

31. On February 22, 2023, Defendant responded to Plaintiffs' dispute by refusing to return any of Plaintiffs' lost funds, and stated that the transactions were authorized.

32. In finding that the transactions were authorized, Defendant claimed that the information Plaintiffs provided was inconsistent with the information Defendant found during its investigation, that there were no invalid PIN attempts, and that the spending patterns and locations were consistent with previous account activity and stated that it would not be returning Plaintiffs' funds.

33. To date, Defendant has not conducted a sufficient or reasonable investigation relative to the error complained of by Plaintiffs.

34. Defendant failed to conduct a reasonable investigation into Plaintiffs' claims of unauthorized electronic transactions, or, in the alternative, came to a conclusion that was entirely unreasonable given the information in its possession at the time.

35. Presently, Plaintiffs remain without the $20,081.18 debited by unknown third parties from Plaintiffs' Huntington Bank Account.

36. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

37. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(e)(1) and (2).

38. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693g(a).

39. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered, and continues to suffer mental anguish and emotional distress in the form of lost sleep, physical illness including nausea, and other stomach related issues, increased heart rate, as well as the out-of-pocket damages delineated above.

40. As a result of Plaintiffs' financial loss, Plaintiffs are unable to continue with previously planned trips and activities to see other family members and are unable to complete necessary repairs to their residential home.

WHEREFORE, Plaintiffs, MARY HERBIG & GARY WILLIAMS, by and through their attorneys, respectfully pray for Judgment to be entered in favor of Plaintiffs and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

      c.      Plaintiffs' attorneys' fees and costs; and,

      d.      Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

41. Plaintiffs hereby demand a trial by jury on all issues so triable.

                        Respectfully submitted,
                        **MARY HERBIG &**
                        **GARY WILLIAMS**

                        By:    s/ David M. Marco
                              Attorney for Plaintiff

Dated: March 30, 2023

David M. Marco
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithmarco.com

Larry P. Smith
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
Telephone:   (312) 324-3532
Facsimile:    (888) 418-1277
E-Mail:        lsmith@smithmarco.com

David J. Philipps
Mary E. Philipps
Angie K. Robertson
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
Telephone:    (708) 974-2900
Facsimile:     (708) 974-2907 (FAX)
E-Mail:        davephilipps@aol.com
                 mephilipps@aol.com
                 angie@philippslegal.com